(May 29, 1925.)

## C. W. MORRISON, Respondent, v. E. J. FINCH, JESSIE FINCH, JOHN Q. ADAMS and MINNIE ADAMS, Appellants.

[237 Pac. 422.]

APPEAL AND ERROR—MOTION TO DISMISS APPEAL—FAILURE TO FILE TRANSCRIPT — FAILURE TO FILE BRIEF — MOTION FOR CHANGE OF VENUE.

1. Under sufficient showing, though extension of time to file transcript was not secured, the appeal will not be dismissed.

2. Unnecessary to except to order made on a motion for a change of venue.

3. Failure to file brief within time prescribed by Rule 45, where no prejudice to adverse party shown to have resulted therefrom, is not a ground for dismissal of appeal.

4. Motion for a change of venue not waived by answering prior to the taking of appeal from said order, if motion for change of venue is made at the time of, or prior to answering or demurring.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. George W. Edgington. Judge.

Motion to dismiss appeal. *Denied.*

Bothwell & Chapman, for Appellants.

C. W. Morrison and F. A. McCall, for Respondent.

GIVENS, J.—Respondent moves to dismiss the appeal on four grounds. First, ''That the transcript of the record was not filed in this court within ninety days after the appeal was perfected, as required by rules 26 and 28 of the Supreme Court of the State of Idaho.''

From the affidavits it appears that the failure to file the transcript within the time prescribed by rule was due to a mistake on the part of the clerk of the court because he

had miscalculated the ninety day period, beginning on June 10th, as ending on September 10th and that copies of the transcript were deposited in the postoffice, addressed to the supreme court on September the 8th, thus the transcript was filed two days late. The record further shows that the transcript was served on opposing counsel within ample time and that attorneys for appellants had no notice that the transcript was not filed in the supreme court within the proper time and were led to believe that the transcript would be filed within the said ninety day period allowed by Rule 26. As was said in *Nielson v. Board of Commissioners of Bonneville County, ante,* p. 481, 234 Pac. 686, failure to obtain an extension of time is not conclusive and absolute proof of negligence which may not be rebutted.

The next ground for dismissing the appeal is that the appellants did not take and save an exception to the order refusing the change of venue. This was unnecessary by reason of C. S., secs. 6878 and 6879. (*Steinour v. Oakley State Bank,* 32 Ida. 91, 177 Pac. 843.)

The next ground is that the appellants did not serve their brief upon the respondent within twenty days after the filing of the record on appeal as required by Rule 45. Failure of appellants to file their brief within twenty days after the filing of the record is not sufficient ground to justify the dismissal of an appeal when it does not appear that the respondent has been prejudiced by the failure to so file briefs, and there is no showing of prejudice herein. (*Havlick v. Davidson,* 15 Ida. 787, 100 Pac. 91; *Noble v. Harris,* 33 Ida. 188, 190 Pac. 922; *Ellsworth v. Hill,* 34 Ida. 359, 200 Pac. 1067; *McQuain v. Glougie,* 38 Ida. 715, 224 Pac. 1066.)

The fourth ground is that appellants, E. J. Finch and Jessie Finch, filed their answer to respondent's complaint prior to the taking of said appeal, and that they pleaded to the merits without objection to the venue. The transcript does not contain the answer of E. J. Finch and Jessie Finch or show whether they filed it, or if so,. when. The motion for change of venue was filed on February 25, 1924,

and it does not appear that up to that time the defendants had answered. Furthermore, C. S., sec. 6665, permits the defendant at the time he appears and answers or demurs to demand in writing that the place of trial be changed.

Respondent's motion to dismiss the appeal is therefore denied.

Wm. E. Lee and Taylor, JJ., concur.