(No. 6110. December 18, 1934.)

ELIAS J. HARDING, Respondent, v. MUTUAL BENEFIT
HEALTH AND ACCIDENT ASSOCIATION, a Cor-
poration, Appellant.

[39 Pac. (2d) 306.]

Walter H. Hanson and F. C. Keane, for Appellant.

James A. Wayne, for Respondent.

GIVENS, J.— Respondent has shown no prejudice because appellant's brief was not served within the time allowed by rule No. 45 of this court, hence his motion to dismiss therefor is denied (*Noble v. Harris*, 33 Ida. 188, 190 Pac. 922; *Morrison v. Finch*, 40 Ida. 791, 237 Pac. 422), nor does it so appear that the appeal was merely for delay as to authorize the imposition of damages under rule No. 41 of this court.

Respondent sued upon a health and accident insurance policy to recover indemnity for a nervous breakdown allegedly beginning December 2, 1929, and continuing through March 7, 1930, and additional hospital benefits from December 8 to 23, 1929, recovering judgment for $473.64, the amount provided by the policy plus interest and costs.

Appellant urges that the action not having been instituted within two years after the expiration of the period provided

in the contract of insurance for making proof of loss was barred by this provision of the contract:

"No action at law or in equity shall be brought . . . . nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

Section 28–110, I. C. A., provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, *or which limits the time within which he may thus enforce his rights, is void.*" (Italics ours.)

and section 5–216, I. C. A., provides that an action may be brought within five years upon any written contract.

Section 28–110, *supra*, has been twice held valid. (*Douville v. Pacific Coast Casualty Co.*, 25 Ida. 396, 138 Pac. 506, Ann. Cas. 1917A, 112; *Gaffney v. Royal Neighbors of America*, 31 Ida. 549, 174 Pac. 1014.)

Similar statutes have been upheld in other states. (*Keys & Keys v. Williamsburg City Fire Ins. Co. of Brooklyn, N. Y.*, 37 Okl. 482, 132 Pac. 818; *Keys & Keys v. Mechanics' & Traders' Ins. Co.*, 37 Okl. 480, 132 Pac. 819; *Kansas Free Fair Assn. v. Georgia Casualty Co.*, 107 Kan. 109, 190 Pac. 592; 33 C. J. 76, sec. 784, note 88.)

Appellant urges, however, that section 40–1309, I. C. A.:

"No such policy insuring against accidental bodily injuries or disease or death shall be issued or delivered in this state if it contains in substance, any of the following provisions:

"1. A provision limiting the time within which an action at law or in equity may be commenced to less than one year from the date when the final proof of claim is filed with the company. . . . . "

is a special statute limiting suit on the particular type of insurance policy here under consideration, and that it, not section 28–110, *supra*, governs.

Section 40–1309, *supra*, is part of the code chapter regulating life, accident and health insurance, and making infrac-

tion of it punishable under section 40–1311, I. C. A., by fine, or by fine and revocation of the license of the company by the department of finance.

As was said in *Dozier v. Ellis,* 28 Miss. 730, in referring to exceptions to the statute of limitations:

" . . . . the doctrine is now very fully established, that implied and equitable exceptions are not (to) be engrafted upon the statute, and where the legislature has not made the exception in *express words* in the statute, that court cannot allow it on the ground that it is within the reason or equity of the statute." (Italics ours.)

This rule finds support in 37 C. J. 689, sec. 9, and cases therein cited; Wood on Limitations, sec. 11b.

Although none of the cases or texts with regard to this point involve the precise situation here, they are persuasive as to the construction to be given the statute, and this court will not usurp the legislative prerogative by writing therein that which is not there by express word or implication. (59 C. J. 1129, sec. 669.)

While there is a legitimate argument that if by sec. 40–1309, *supra,* only a policy with a limitation for suit in less than one year is illegal, any limitation over one year is legal, the title of its originating act[1] does not indicate the legislature had in mind changing the civil statute of limitations as to written contracts, and since amendments by implication are not favored (*Nelson v. Nelson,* 72 Colo. 20, 209 Pac. 810; *State v. Board of Commrs. of Cascade County,* 89 Mont. 37, 296 Pac. 1), there should be more direct and explicit legislative intent and enactment than appears by sec. 40–1309, *supra,* to justify us in saying that sec. 5–216,

---

[1] "Relating to an insurance department in and for the State of Idaho; providing for the appointment of a state insurance commissioner and prescribing his qualifications, duties and compensation; and to regulate the insurance companies and fraternal and benevolent orders and societies and others doing business therein; providing penalties for violations thereof; . . . . " (and repealing certain sections of the Revised Codes of Idaho). Chapter 228, Session Laws of Idaho, 1911.

*supra,* is impliedly amended by sec. 40–1309, *supra,* as to this special kind of written contract.

The one makes the issuing and delivering of a policy of a certain kind a crime; the other statute fixes a limitation for a civil action. It is only the implied sanction of a penal statute applied to a procedural statute as to civil actions which creates an inconsistency or repugnant situation and this is not sufficient to require that such construction, as appellant contends for should be placed on the two, though considered together. (59 C. J. 857.)

Relative to the assignment by the appellant that the judgment is not supported by the evidence, and argument that respondent was not totally disabled within the meaning of the policy during all of the period in question because he was not confined within doors, suffice it to say that during the trial appellant's attorney made the following admission:

"I believe we can admit he was totally disabled from December 2nd up to the date of March 8th; I will admit it."

The judgment is therefore affirmed; costs awarded to respondent.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.