350 P.2d 221

**GOLCONDA LEAD MINES, a corporation, and John A. Featherstone and Harry F. Magnuson, Plaintiffs-Respondents,**

v.

**P. G. NEILL, in his official capacity as Tax Collector of the State of Idaho, Defendant-Appellant.**

No. 8751.

Supreme Court of Idaho.

Feb. 26, 1960.

Rehearing Denied March 28, 1960.

Frank L. Benson, Atty. Gen., Robert E. Bakes, Dwight F. Bickel and Leon R. Weeks, Asst. Attys. Gen., Graydon W. Smith, former Atty. Gen., Elbert E. Gass and Edward J. Aschenbrener, former Asst. Attys. Gen., for appellant.

98

Langroise & Sullivan, Boise, Chas. E. Horning, Eugene F. McCann, Wallace, for respondent.

McFADDEN, Justice.

Golconda Lead Mines, a corporation, John A. Featherstone and Harry F. Magnuson, individually and as representatives of other stockholders, respondents, instituted this action for declaratory judgment against P. G. Neill, appellant, in his official capacity as Tax Collector of the State of Idaho challenging the constitutionality of Idaho Sess. Laws 1957, ch. 336 § 3, and to restrain and enjoin appellant from collecting additional taxes under its provisions.

The parties submitted the matter on an agreed statement of facts, which the Court accepted and incorporated into its Findings of Fact, on the basis of which the Court held by its Conclusions of Law and Declaratory Judgment that Sess. Laws 1957, ch. 336, § 3 was unconstitutional and void, being in violation of the provisions of Article 3, § 18, Idaho Constitution.

Appellant by his assignments of error generally questions the validity of the trial court's decision. In their brief, respondents also question the validity of said Sec. 3, under the provisions of Idaho Const. Art. 3, § 16.

The title of the act in question reads as follows:

"Chapter 336

"An Act

Amending Sections 63–3011 and 63–3028, Idaho Code, To Increase The Revenue Derived from the Tax Imposed by Chapter 30 Title 63, Idaho Code, by Adjusting the Rates of Tax and by Eliminating the Deduction Allowed by Section 63–3016(12) and Section 63–3032(6), Idaho Code, Relating To The Dividend Of Corporations 50% Of The Gross Income Of Which Is Taxed Under The Provisions Of This Chapter; And Declaring An Effective Date."

Section 3 of the act reads as follows:

"The provisions of Section 63–3016 (12) and 63–3032(6), Idaho Code, to the contrary notwithstanding, no deduction shall hereafter be allowed any individual or corporation subject to this chapter on account of any amount received as dividends from a domestic or foreign corporation regardless of whether more than fifty per centum of the gross income of such corporation is taxed under this chapter by the state of Idaho."

Appellant contends that Sec. 3, supra is a repeal, and respondents contend that Sec. 3 is not a repeal but an amendment, of I.C. § 63–3016(12) and § 63–3032 (6). It is basic that if Sec. 3 is such an amendment, the sections of the Code intended to be amended, not having been set forth and published at full length, Sec. 3 is unconstitutional. By the same token, if

Sec. 3 is not an amendment, but constitutes a repeal of the two mentioned sections of the Code, then the provisions of Idaho Const. Art. 3, § 18, are not applicable. Noble v. Bragaw, 12 Idaho 265, 85 P. 903; Thompson v. United Gas Corporation, Tex. Civ.App.1945, 190 S.W.2d 504; 50 Am.Jur., Statutes, § 216, p. 196; 5 A.L.R.2d 1270; 82 C.J.S. Statutes § 261 p. 431.

The distinction between an amendment and repeal is well expressed in the widely cited case of State ex rel. Gamble v. Hubbard, 1906, 148 Ala. 391, 41 So. 903, at page 905, as follows:

"A repeal is one thing, and an amendment is quite another and different thing. A repeal of a statute involves necessarily a change in the law; and this is true, whether it be the only statutory enactment on the subject dealt with in the repealed act. Would any one contend that a statute in derogation of the common law was an amendment of it, simply because it altered or changed it? We think not. If not, it cannot be asserted with any show of logic that because an independent act, full and complete within itself, repeals by implication any portion of a statutory system, it is amendatory of the remaining statutes of that system, to which no reference is made. It is undoubtedly true that such an act alters or changes the system; but this change

or alteration is and must be ascribed to the repeal wrought by the independent act, and not to the change or alteration consequent upon the repeal. So, also, an amendment involves some change or alteration in the existing statute law, and may also operate as a repeal of some of its provisions; but such change or alteration made by the amendment is direct and not consequential, as is the case of a repeal, and therefore the difference between the two is plain. There is also another marked difference. An amendment may not, and often does not, operate as a repeal, but merely as an addition to the statute of which it is amendatory. This can never be the effect or operation of a repealing statute, whether the repeal be by implication or be direct. A repeal is properly defined to be 'the abrogation or destruction of a law by a legislative act.' Amendment in legislation is 'an alteration or change of something proposed in a bill or established as law.' Bouv. Dictionary."

■■ The effect of Sess.Laws 1957, ch. 336, § 3, is to nullify the effectiveness of the provisions of I.C. § 63–3016(12) and § 63–3032(6). Clearly the legislature intended to cancel, eliminate, and terminate the respective deductions provided by the two code sections. If the effect of the statute is abrogated, it cannot be said that the legis-

lature amended or revised the code section, because the provisions referred to became nullities; hence those provisions have been wholly and completely repealed. "Repeal" means "to revoke", "to rescind" or "abrogate by authority", cf. Funk & Wagnalls New Standard Dictionary.

■ Sess.Laws 1957, ch. 336, § 3, does not directly state I.C. § 63–3016(12) and § 63–3032(6), are repealed, but the effect is the same. It is recognized that repeal by implication is not favored, State ex rel. Good v. Boyle, 67 Idaho 512, 523, 186 P.2d 859, 866, but as was stated therein,

"* * * The repeal of statutes by implication is not favored. In the absence of express terms, it will be presumed that the legislature did not intend by a later act to repeal a former one, if by a fair and reasonable construction, effect can be given to both. To overcome such presumption, the two acts must be irreconcilable, i. e. clearly repugnant, as to vital matters to which they relate, and so inconsistent that the two cannot have concurrent operation."

And in Noble v. Bragaw, 12 Idaho 265, 272, 85 P. 903, 904, it must also be recognized that,

"The rule is well established in this country that a legislative act is presumed to be constitutional until it is shown beyond all reasonable doubt that it is not so, * * *."

The legislative intent being so evident as to what was meant, there being no clearly defined constitutional violation, ch. 336, 1957 Sess.Laws, § 3, must be upheld; this section being a repeal of existing law, there was no requirement that I.C. § 63–3016(12) or § 63–3032(6) be published at length.

■ Respondents assert that the title to the 1957 act violates the provisions of Idaho Const. Art. 3, § 16. Appellant attempting to answer this proposition, contends that by reason of the Governor's proclamation of October 24, 1957,

"that said compilation known as 1957 Cumulative Pocket Supplement to the Idaho Code * * * is completed and is in full force and effect and shall be received in all Courts and by all Justices, Judges * * * as evidence of the statute law * * * and is an authorized compilation of the statutes and laws of the State of Idaho, * * * etc.,"

it was too late at the time of filing this action on November 29, 1957, to question the sufficiency of the title to this act. This contention was based on the principle announced in the case of Anderson v. Great Northern R. Co., 25 Idaho 433, 442, 138 P. 127, 129.

"It is now too late to raise the sufficiency of the title to a statute originally adopted prior to the date of the adoption of the Revised Codes, where such statute has been incorporated in the general code of laws."

To accept this contention of appellant, requires the assumption that the Governor's proclamation in fact codified the law, as was done by the Legislature with the Revised Codes. Such is not the case. The Legislature did in fact codify the Revised Codes by the first act of the tenth session of the Legislature. Idaho Sess.Laws 1909, p. 3; Idaho Revised Codes, Vol. 1, p. 153. The present Idaho Code is a compilation of laws, evidentiary, but not a codification thereof; Sess.Laws 1947, ch. 224; Idaho Code, Vol. 1, p. 297, amended Sess.Laws 1953, ch. 250.

■ Respondents also claim that the title to Sess.Laws 1957, ch. 336, is so restrictive that it limited the body of the act merely to an amendment of I.C. § 63–3011 and § 63–3028, and that the further "amendment" of I.C. § 63–3012(12) and § 63–3032(6) by Section 3 thereof is unconstitutional and void, for failure to express the subject matter in the title of the act as required by Idaho Const. Art. 3, § 16. This contention is without merit, because it presupposes that the 1957 act effected an "amendment" of two sections and not a repeal as above pointed out.

The reason this section of the Constitution was adopted is well stated In re Crane, 27 Idaho 671, 689, 151 P. 1006, 1011, L.R.A. 1918A, 942,

"The object or purpose of the clause in the Constitution above quoted is to prevent, as has been frequently stated in the opinions of this court, the combining of incongruous matters and objects totally distinct and having no connection nor relation with each other; to guard against 'log rolling' legislation; and to prevent the perpetration of fraud upon the members of the Legislature or the citizens of the state in the enactment of laws. * * * It is a well-established rule that, where there is a doubt whether the subject of the act is sufficiently expressed in its title, the doubt should be resolved in favor of the validity of the act. Even though we were in doubt as to the sufficiency of the title under consideration, we are admonished, in case of State v. Pioneer Nurseries Co., supra (26 Idaho 332, 143 P. 405), to resolve that doubt in favor of the validity of the act."

State v. Pioneer Nurseries Co., 26 Idaho 332, 336, 143 P. 405, 406 states:

"It has been repeatedly held by this court that the title to an act under the provisions of said section of the Constitution is sufficient if the act treats of

but one general subject and that subject is expressed in the title, (citing cases)".

While the title to Sess.Laws 1957, ch. 336, perhaps could be improved, nevertheless it expresses the subject matter—increasing revenue, by amendment of the two code sections and by "eliminating" the two statutory deductions.

■ To warrant the nullification of a statute because its subject or object is not expressed in its title, the violation must not only be substantial, but plain, clear, manifest and unmistakable. 50 Am.Jur., Statutes § 170, p. 149, citing among others, Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, at page 704, 78 P.2d 105, at page 110:

"A title need not be an index of the contents of an act; it is sufficient if it express the subject, and all provisions germane and incidental to the subject are covered thereby; provisions not incongruous, and having a proper relation to the subject, may be included in the act without mention in the title, and before the court will hold any title defective or any provision not properly included under the title the defect or departure must be plain and manifest, (citing cases)".

Only by a strained construction of the phraseology of the title to this act could a legislator or a member of the public be misled. One is clearly apprised of the purpose, to increase revenue, and then the means by which the purpose will be accomplished, i. e., both by increasing tax, and by eliminating of certain deductions. The title and body of the act are commensurate in scope.

■■ Respondents also contend that the title is defective in that the declaration of an effective date for the act failed to advise the legislators or public that Sec. 4 of the act provided "This act shall apply to all income earned or accrued on or after January 1, 1957". This contention is without merit. The recital of an effective date in the title of itself puts the legislators and public on notice of an effective date different from that of customary legislation. The legislature is accorded wide discretion in the selection of titles; the language employed in a title should not receive a narrow or technical construction, but should be construed liberally. Jerome H. Sheip & Co. v. Amos, 1930, 100 Fla. 863, 130 So. 699.

The judgment is reversed.

Costs to appellant.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.