614 P.2d 980

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jose Junior PEDRAZA, Defendant-Appellant.**

**No. 13145.**

Supreme Court of Idaho.

Aug. 5, 1980.

Patrick J. Kole and R. Scott Pasley, Caldwell, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Thomas Vest, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant pleaded guilty to a first degree burglary charge. He was adjudged guilty by the trial court and given a two year maximum indeterminate sentence. The trial court then suspended the execution of sentence and placed the defendant on probation for a period of two years.

During the defendant's period of probation, the trial court issued a bench warrant ordering the defendant to appear to show cause why the term of probation should not be revoked. The defendant eventually appeared before the court and admitted violating the terms of his probation. The judge then revoked his prior "Order of Probation on Suspended Judgment" and resentenced the defendant to an indeterminate period of time not to exceed four years, said sentence to run concurrently with a sentence the defendant was serving in the federal system. The defendant appeals from that judgment.

We are asked to decide whether a trial court may increase a previously imposed but suspended sentence upon a finding that the defendant violated the conditions of his probation. We conclude that the statutory sentencing scheme precludes a district court from imposing a greater sentence in such circumstances.

Both parties agree that this case depends on the construction and application of two statutes, I.C. §§ 19–2603 and 20–222. Both statutes discuss the sentencing court's alternatives should it determine that the defendant has violated the conditions of his probation. I.C. § 19–2603 indicates that the court may "if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law . . . ." That statute, when applied to this case, would appear to restrict the sentencing court to the sentence originally imposed.

However, according to I.C. § 20–222, a sentencing court which has found the defendant to be in violation of his probation "may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction." The state contends that the above language empowers a sentencing court to increase the sentence originally imposed but suspended, upon a finding of violation of probation. We think that fundamental rules of statutory construction and the statutory sentencing scheme itself require a contrary conclusion.

■ It is clear that, if reasonably possible, we must reconcile the apparent inconsistency between I.C. §§ 19–2603 and 20–222. "[I]t is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of the statutory provision which harmonizes and reconciles it with other statutory provisions." *Sampson v. Layton*, 86 Idaho 453, 457, 387 P.2d 883, 885 (1963). Stated another way: "As a fundamental rule of statutory construction, 'Statutes *in pari materia* [pertaining to the same subject], although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other.' " *Christensen v. West*, 92 Idaho 87, 88, 437 P.2d 359, 360 (1968), *quoting* 2 Sutherland, Statutory Construction § 5201, 531–32 (3d ed. 1943).

■ When a criminal defendant is adjudged guilty of the crime charged, a district court judge may choose from several sentencing alternatives found in I.C. § 19–2601. The court may, among other things, suspend the execution of judgment, I.C. § 19–2601(2), or withhold judgment, I.C. § 19–2601(3). In either case, the defendant is placed on probation. If the crime involved is a felony, the probation "shall be to the board of correction." I.C. § 19–2601(5).

Chapter 2, Title 20, of the Idaho Code, deals with the State Board of Corrections. I.C. § 20–222 of that chapter is titled, "In-

determined or fixed period of probation or suspension of sentence—Rearrest and revocation." That section repeatedly refers to "probation or suspension of sentence" and therefore must apply to probation which follows the suspension of execution of judgment as well as probation following a withheld judgment. The last paragraph of that section is the source of this controversy.

"20–222. INDETERMINED OR FIXED PERIOD OF PROBATION OR SUSPENSION OF SENTENCE—REARREST AND REVOCATION.—

.      .      .      .      .

"At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon *the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed,* or may cause the defendant to be brought before it and may continue or revoke the probation, or *may impose any sentence which originally might have been imposed at the time of conviction.*" (Emphasis added.)

We are convinced that the portion of the statute which permits a court to "impose any sentence which originally might have been imposed at the time of conviction" refers only to a revocation of probation following a withheld judgment, while the portion which permits the original "sentence imposed to be executed" refers to a revocation of probation following a suspension of the execution of judgment and sentence. Construing this language any other way would lead to an irreconcilable conflict between I.C. §§ 19–2603 and 20–222. Such a conflict would lead to the implicit repeal of I.C. § 19–2603, since it was enacted prior to I.C. § 20–222. *See State Dept. of Parks v. Idaho Dept. of Water Admin.*, 96 Idaho 440, 530 P.2d 924 (1974); *Lloyd Corp. v. Bannock County*, 53 Idaho 478, 25 P.2d 217 (1933). "[R]epeal of statutes by implication is not favored. . . ." *Golconda Lead Mines v. Neill*, 82 Idaho 96, 101, 350 P.2d 221, 223 (1960).

We note that our conclusion is consistent with the United States Supreme Court's construction of a similar federal probation statute. In *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943), the Supreme Court interpreted a statute which authorized a sentencing court to revoke probation and "impose any sentence which might originally have been imposed." 18 U.S.C. § 725 (now codified, as amended, as 18 U.S.C. § 3653). The federal sentencing statutes did not authorize a trial court to withhold judgment. Unlike our statute, however, the act authorized the trial court to suspend the "imposition or execution" of sentence.[1] 18 U.S.C. § 724 (now 18 U.S.C. § 3651). The Supreme Court concluded that when a trial court initially pronounces a sentence, but suspends its *execution*, it may not later increase that sentence upon a finding of violation of probation. The Court felt that the statutory provision authorizing the trial court to "impose any sentence which might originally have been imposed" applies only when a court initially suspends the *imposition* of sentence, a procedure akin to withholding judgment in Idaho.[2] While we certainly are not bound by the Supreme Court's interpretations of similar federal statutes, in this case we think the Court's reasoning is persuasive.

We conclude that when a trial court has initially sentenced a criminal defendant to a definite term of imprisonment, but has suspended the sentence and granted probation, it may not later upon revocation of probation set aside that sentence and increase the term of imprisonment.

The judgment below is reversed and remanded.

DONALDSON, C. J., and McFADDEN and BISTLINE, JJ., concur.

1.  I.C. § 19–2601 provides only that a trial court may suspend the *execution* of judgment and does not authorize the court to suspend the *imposition* of sentence. *But see* I.C. § 19–2604.

2.  When a judgment is withheld in Idaho, just as when the imposition of sentence is suspended in the federal system, the trial court does not pronounce a term of imprisonment for the offender. Therefore, it only makes sense that

SHEPARD, Justice, dissenting.

I cannot agree with the result obtained by the majority opinion and hence dissent. As acknowledged by the majority, I.C. § 20–222 was enacted by the legislature at a later time than I.C. § 19–2603. The majority asserts that an adoption of the State's argument would lead to irreconcilable differences between the two statutes and hence the repeal of I.C. § 19–2603. I must disagree.

In my view, the legislature, in its enactment of I.C. § 20–222, clearly intended to authorize the imposition of "any sentence which originally might have been imposed at the time of the conviction" under circumstances such as exist in the instant case. I would deem such additional grant of authority only to enlarge the previously existent authority contained in I.C. § 19–2603 and not necessarily the creation of an irreconcilable conflict between the two statutes.

In any event, it is clear to me that the legislature intended to grant to a sentencing judge the additional authority to "impose any sentence which originally might have been imposed at the time of conviction." Even assuming that such language creates a conflict with the authority previously granted in I.C. § 19–2603, I feel the legislative intent is clear and should be observed and followed.

upon violation of probation the trial court may impose any term of imprisonment which it might originally have imposed. The difference between suspending the imposition of sentence and withholding judgment is that under the former the defendant's judgment of conviction is entered, whereas in the latter case it is withheld. *State v. Wagenius*, 99 Idaho 273, 581 P.2d 319 (1978).