684 P.2d 1002

**SUNSHINE MINING COMPANY, a corporation, Plaintiff-Respondent,**

v.

**ALLENDALE MUTUAL INSURANCE COMPANY, a corporation, and Allianz Insurance Company, a corporation, Defendants,**

**and**

**Northbrook Excess and Surplus Insurance Company, a corporation, California Union Insurance Company, a corporation, Mutual Fire, Marine and Inland Insurance Company, Ltd., a British corporation, Union America Insurance Company, Ltd., a British corporation, Certain Underwriters at Lloyd's London, Sumitomo Marine & Fire Insurance Company, Ltd., a British corporation, CNA Reinsurance Company, Ltd., a British corporation, South British Insurance Company, Ltd., a British corporation, Orion Insurance Company, Ltd., a British corporation, Yasuda Fire and Marine Insurance Company, Ltd., a British corporation, Terra Nova Insurance Company, Ltd., a British corporation, and Certain Other Underwriters at Lloyd's London, Defendants-Petitioners.**

No. 15169.

Supreme Court of Idaho.

July 27, 1984.

See also 105 Idaho 133, 666 P.2d 1144.

Christopher Burke, Boise, for defendants.

Richard C. Mellon, Jr., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This case presents questions certified to us by the United States District

Court, the Honorable Ray McNichols, presiding. Although five issues are certified to us, our disposition of the first two issues render any consideration of the remaining issues unnecessary. The United States District Court phrased those first two issues as follows:

"ISSUE NO. 1: Did the Idaho Legislature, by providing in section 41–2401, Idaho Code, that no fire insurer shall issue fire insurance on a form other than the 'New York Standard as Revised in 1943,' intend to amend the general five-year statute of limitations upon actions brought upon written contracts, and create a one-year statute of limitations with respect to actions on policies of fire insurance?

"ISSUE NO. 2: If so, was the statute constitutional and otherwise lawful?"

Sunshine Mining Company sustained damages from a "rockburst" which allegedly occurred on October 10, 1979, at its underground mine at Big Creek, Idaho. A "rockburst" is defined as "a violent explosion of rock from the walls of a mine opening, the effect of heavy pressure on brittle rocks in deep mines, where mining has deprived the rock of support on one side." Webster's New International Dictionary of the English Language (2d ed. 1957). A combined group of companies under seven insurance policies, each insuring a percentage of the risk, had underwritten and insured Sunshine's fire and property risks. Sunshine was covered against fire, lightning, and other perils, including explosion, and each of the policies covered consequential loss from business interruption. None of those policies was issued on the "New York standard form;" only one of the policies resembles the "New York standard form," and that one fails to comply with other provisions of the Idaho statutes, specifically I.C. § 41–2401(1)(j) and I.C. § 41–2401(1)(k).

I.C. § 5–216 provides the statute of limitations for contracts generally, as: "Within five (5) years: An action upon any contract, obligation or liability founded upon an instrument in writing." That statute has been construed as a statute of limitations applicable to insurance policies. *Harding v. Mutual Benefit Health & Accident Ass'n,* 55 Idaho 131, 39 P.2d 306 (1934). I.C. § 29–110 provides:

"**Limitations on right to sue.**—Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the original tribunals, or *which limits the time within which he may thus enforce his rights, is void.*"

Each of the insurance policies in the instant case purports to limit the time for filing suit on those policies to a period of one year. Clearly, without more, under the literal language of I.C. § 29–110, an attempt by the language of an insurance policy to reduce the statute of limitations from five years to one year would be void.

However, the defendants-petitioners insurance companies argue, and the ultimate question for determination here is, the effect of the legislative enactment of I.C. § 41–2401. That statute provides in pertinent part that "[n]o fire insurer shall issue any fire insurance policy covering on property or interest therein in this state, other than on the form known as the New York standard as revised in 1943." That mandated New York standard form appears nowhere in the insurance code legislation, other than by the above brief reference, nor does it appear in any of the comments to the statute. Furthermore, there is not, in the title of the bill as presented to and enacted by the legislature, any reference to a change in any statute of limitations by operation of that New York standard form.

The New York standard insurance policy form, as revised in 1943, contains language indicating a one year limitation period for filing suit under the insurance policy, which language reads as follows:

"Suit.—No suit or action on this policy for the recovery of any claims shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with, and

unless commenced within twelve months next after inception of the loss."

It is asserted by defendants-petitioners insurance companies that by mentioning the New York standard form in I.C. § 41–2401, the Idaho legislature has rendered the five year statute of limitations under I.C. § 5–216 inapplicable to fire insurance policies, and that, as to any fire insurance policy covering property in this state, a one year statute of limitation shall prevail. We disagree.

We note first that in 1961, the Idaho legislature adopted a comprehensive insurance code, the provisions of which were passed as a single bill some 416 pages in length. *See* Idaho Sess.Laws 1961, pp. 645–1060 (H.B.182). That comprehensive revision was codified as Title 41 of the Idaho Code, contained in some 561 pages of Volume 7B, with an additional 172 pages currently being found in the pocket part. Of that voluminous material, the portion of I.C. § 41–2401 relevant here is four lines in length.

▮ The drafters of our state constitution carefully provided for complete disclosure, within the title, of the contents of a given bill, hoping thereby to avoid hidden effects and to ensure that the members of the legislature would understand the scope of the provisions they were enacting. Idaho Const. art. 3, § 16 provides:

"§ 16. Unity of subject and title. —Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but *if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title.*" (Emphasis added.)

*See also* I.C. § 67–514, providing that the title to each legislative bill shall contain a specific phrase expressing the bill's subject matter. This Court has held that the legislature is accorded wide discretion in designing titles to its enactments, *Golconda Lead Mines v. Neill,* 82 Idaho 96, 350 P.2d 221 (1960), and that a violation of Idaho Const.

art. 3, § 16 must be substantial and clearly manifested before nullification of a statute under that constitutional section is warranted, *Golconda Lead Mines, supra; Kerner v. Johnson,* 99 Idaho 433, 583 P.2d 360 (1978). Nonetheless, statutory amendment-by-implication is disfavored in the law and will not be inferred, absent clear legislative intent. *Harding v. Mutual Benefit Health & Accident Ass'n,* 55 Idaho 131, 39 P.2d 306 (1934); *State v. Martinez,* 43 Idaho 180, 250 P. 239 (1926).

Hence, we hold that the construction attempted by defendants-petitioners to be given to I.C. § 41–2401 must be rejected. The above-quoted provision of our constitution clearly indicates that legislation cannot be adopted in the method and with the result argued for by petitioners here. We are not presented with a clear legislative intent, in the body of a bill, to change a statute of limitations, nor with an oversight which simply omits to mention a clearly intended change in the title of the act. Rather, there is no specific mention in the bill of a change in the statute of limitations, but only a reference to an insurance form, which form only in turn contains a statute of limitations.

Further, we cannot agree that the Idaho legislature intended the result sought by defendants-petitioners insurance companies in the instant action. We again note the massive material contained in the revision of the entire Idaho insurance code. Four lines within that mass of material make reference to an insurance industry form, which may be familiar to those in the industry and those in regulatory bodies, but is hardly familiar to the less knowledgeable consumer. Tucked away in that form are five lines which purport to amend an otherwise clear statute of limitations, *i.e.,* I.C. § 5–216. We will not ascribe such an attenuated motive to our legislature. Rather, we believe if the legislature intended to so amend and modify the provisions of I.C. § 5–216, it would have squarely addressed the issue by enacting a specific statute.

■ Since we have held invalid the purported statutory enactment of a one year limitation period, it follows that the provisions within these insurance policies attempting to limit to one year the time for filing actions on the insurance policies are void under I.C. § 29–110.

This opinion being in response to the certified questions by the United States District Court, we need proceed no further. However, we note that if the instant proceeding were before this Court on appeal following a final judgment, we would award costs and attorney's fees to plaintiff-respondent Sunshine Mining Company. *See* I.C. § 41–1839.

DONALDSON, C.J., and BISTLINE and HUNTLEY, JJ., concur.

BAKES, Justice, dissenting.

The majority voids that portion of the insurance policies in question which contain the one-year limitation on actions required by the provisions of I.C. § 41–2401, which mandates that all fire insurance policies issued in the State of Idaho be issued on the New York standard form as revised in 1943. The insurance policies in question substantially complied with the 1943 New York standard form, and the one-year limitation of action provision in each of the policies in this case conformed to the 1943 New York standard form.[1]

The majority voids the one-year limitation provision because of an alleged violation of Art. 3, § 16, of the Idaho Constitution which requires that the title of every act shall express the subject contained in the act. The majority correctly states the rule of construction to be that "the legislature is accorded wide discretion in designing titles to its enactments, *Golconda Lead Mines v. Neill*, 82 Idaho 96, 350 P.2d 221 (1960), and that a violation of Idaho Constitution, Art. 3, § 16, must be substantial

and clearly manifested before nullification of a statute under that constitutional section is warranted ...." *Ante* at 1004. I believe that the title to the act in question is adequate under the standard set out in our prior cases as articulated by the majority opinion. The title to chapter 330, 1961 Idaho Session Laws, provides in part "to prescribe terms, conditions, and prohibitions for or with respect to certain insurance contracts and annuity contracts, and to provide for certain powers, rights, obligations, prohibitions, immunities, and consequences as to insureds and other persons relative to such contracts and matters affecting or arising therefrom ...." I do not believe that the legislature must refer in the title to the contents of individual insurance policies mandated by a section of that chapter, in order to not violate Art. 3, § 16, of the Idaho Constitution.

In a substantially similar case, in a different setting, we upheld another statute against a similar constitutional challenge. In *State v. Kellogg*, 98 Idaho 541, 568 P.2d 514 (1977), this Court had under consideration a constitutional challenge to a criminal statute which in effect defined a controlled substance as any prescription drug defined as such by the commissioner of the United States Food & Drug Administration. In that case neither the title to the act nor the criminal statute in question set out the name of any controlled substance, nor did any other section of the Idaho Code or regulation of the Board of Pharmacy. The Idaho legislative scheme merely adopted by reference whatever drugs were designated as prescription drugs by the commissioner of the United States Food & Drug Administration. Nowhere in the title to the act making it a crime to have possession of such a controlled substance, or to any order or regulation of the United States Food & Drug Administration. Nevertheless, this

---

1. Whether or not the particular fire insurance policies precisely follow the New York standard form as revised in 1943 would be immaterial in this case because I.C. § 41–1821 of the Insurance Code provides that any policy not in compliance with the statutory requirements of the code shall be construed and applied as if in full compliance. Thus, whether or not the policies were in the exact form required by I.C. § 41–2401, they must be construed in conformance with the 1943 New York standard form.

Court upheld the constitutionality of that criminal statute.

If the statute in *State v. Kellogg, supra,* passes constitutional muster, then certainly I.C. § 41–2401 does not violate Art. 3, § 16, of the Idaho Constitution.

Accordingly, the particular provisions of the insurance policies in question here, being in compliance with I.C. § 41–2401, should be upheld.