**INDUSTRIAL INDEMNITY INSURANCE COMPANY, a corporation, Plaintiff,**

**and**

**United States Fire Insurance Company, a corporation, Defendant-Counterdefendant-Appellee,**

**v.**

**UNITED STATES of America, Defendant-Counterclaimant-Appellant.**

**No. 83–4282.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1984.

Decided April 4, 1985.

---

David S. Fleming, John W. Morrison, Karon, Morrison & Savikas, Chicago, Ill., for appellee.

Peter R. Maier, U.S. Dept. of Justice, Washington, D.C., for the United States.

Before WRIGHT, WALLACE *, and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The United States paid $5,218,015 to Union Pacific Railroad in compensation for losses from the collapse of the Teton Dam. It seeks reimbursement from Union Pacific's insurer, who claims that the action is time-barred and that the loss suffered, after depreciation is subtracted, was less than the policy deductible. The district court granted summary judgment for the insurer, finding the action time-barred.

FACTS

On June 5, 1976, the Teton Dam collapsed during the first filling of the reservoir. Eleven persons were killed and $400 million in property damage was suffered.

Congress responded quickly, with the Teton Dam Disaster Assistance Act, Pub.L. No. 94–400, 90 Stat. 1211 (1976). The Act provided that those damaged by the collapse could receive compensation from the federal government, to the extent that the losses were uninsured. *Id.* §§ 2, 3(b). Compensation for insured losses was provided if the claimant (1) filed an insurance claim that either was rejected or was not acted upon within six months and (2) assigned any rights under the insurance policy to the United States. *Id.* § 3(g).

Union Pacific property valued at $6.2 million, including track, roadbed, and bridges, was destroyed when the dam collapsed. The property was insured by United States Fire Insurance Company (USFIC). Union Pacific's claim under the policy was denied because it did not exceed the $2.5 million policy deductible after USFIC calculated and subtracted depreciation.

Union Pacific applied for compensation from the Department of the Interior and received a partial payment of $5,159,485 in February 1977. In October 1978 after a final evaluation of the claim, payment of an additional $58,530 was made and Union Pacific formally assigned its rights under the USFIC policy to the United States.

USFIC filed suit against the United States to recover the amount that it had paid to its insureds as a result of the disaster. The United States counterclaimed to recover its payments to Union Pacific. This court dismissed the USFIC claims. *Aetna Insurance Co. v. United States*, 628 F.2d 1201 (9th Cir.1980), *cert. denied*, 450

---

U.S. 1025, 101 S.Ct. 1732, 68 L.Ed.2d 220 (1981).

On appeal here is a summary judgment for USFIC on the counterclaim, granted on the ground that no cause of action existed when the government acquired Union Pacific's rights. The district court concluded that under Idaho law the 12-month limitation period in the USFIC policy effectively extinguished any claim.

ANALYSIS

## I. STATUTE OF LIMITATION

■ The United States is not bound by state statutes of limitation. *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *United States v. State of California*, 655 F.2d 914, 918 (9th Cir.1980). When the government acquires a cause of action, the state statute of limitation ceases to run. *United States v. Hartford Accident & Indemnity Co.*, 460 F.2d 17, 19 (9th Cir.), *cert. denied*, 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972); *see United States v. Sellers*, 487 F.2d 1268, 1269 (5th Cir.1973). At that time federal statutes of limitation become determinative. The federal six-year statute of limitation for contract actions would apply here. *See* 28 U.S.C. § 2415(a).

We must determine whether the United States acquired a live cause of action when Union Pacific assigned its rights under the USFIC policy to the United States in October 1978. If the 12-month limitation period specified in the policy is valid, Union Pacific had no cause of action at that time.

### A. *Federal or State Law?*

■ At this point we must decide whether to apply federal or state law. District court jurisdiction was founded on 28 U.S.C. § 1346 (United States as defendant and counterclaimant).[1] To determine the applicable law, we must balance the federal interest in controlling the law applied against the state interest in preserving its

control over local concerns. *United States v. State of California*, 655 F.2d at 917. State law generally should be applied unless a "significant conflict between some federal policy or interest and the use of state law" is demonstrated, *Wallis v. Pan American Petroleum Corp.*, 384 U.S. 63, 68, 86 S.Ct. 1301, 1304, 16 L.Ed.2d 369 (1966), or the state rule is "aberrant or hostile." *United States v. Little Lake Misere Land Co.*, 412 U.S. 580, 596, 93 S.Ct. 2389, 2398, 37 L.Ed.2d 187 (1973).

■ The federal interest includes recovery of the money paid by the government to Union Pacific. However, there is no significant threat to federal interests posed by the interpretation of insurance contracts between private parties pursuant to state law. In contrast, the state has a substantial interest in having contracts construed according to established law, as the original private parties would intend.

The Act provides that in determining compensation, "[e]xcept as otherwise provided herein, the laws of the State of Idaho shall apply." Pub.L. No. 94–400, § 3(a), 90 Stat. 1211. The Act evidences no Congressional intent to control the interpretation of insurance policies. Application of state law is appropriate.

### B. *Idaho Law*

■ Idaho has adopted the Restatement rule that the law governing interpretation of a contract is the local law of the state that has "the most significant relationship to the transaction and the parties." Restatement (Second) of Conflict of Laws § 188(1) (1971) (hereinafter cited as Rest. 2d); *Rungee v. Allied Van Lines, Inc.*, 92 Idaho 718, 449 P.2d 378, 382–83 (1968). The relevant contacts include:

(a) place of contracting,

(b) place of negotiation,

(c) place of performance,

---

**1.** The district court's statement that this is a diversity case was erroneous. Therefore, application of state substantive law is not required by *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See United States v. State of California*, 655 F.2d 914, 916–17 (9th Cir.1980) (under 28 U.S.C. § 1345, United States as plaintiff).

(d) location of the subject matter of the contract, and

(e) domicile, residence, place of incorporation, and place of business of the parties.

Rest. 2d § 188(2).

The relationships are evaluated based on these relevant factors:

(a) needs of the interstate system,

(b) policies of the forum,

(c) policies and interests of other interested states,

(d) protection of justified expectations,

(e) policies underlying the particular field of law,

(f) certainty, predictability, and uniformity of results, and

(g) ease in determining and applying the law chosen.

*Id.* §§ 6, 188(1).

The insured property was located in Idaho, Montana, Nevada, Oregon, Utah and Wyoming. The dam was in Fremont County, Idaho. It was to block a tributary of the Snake River and its collapse would result in property damage toward the south and west, the direction of the flow of the river. That damage was primarily, if not exclusively, in Idaho. *See* 43 C.F.R. § 419.0–5(*o*) (1984) (defining "major disaster area" within only Idaho).

The insurance policy was issued in Illinois. The address for Union Pacific in the policy was originally Nebraska and was changed to Utah. The address for USFIC was New York and its principal place of business was New Jersey.

USFIC argues that Illinois is the state with the most significant contacts. We disagree. The place of contracting is relatively insignificant when there is no other significant relationship between the transaction and that place. Rest.2d § 188 comment e. None has been shown here.

When insurance is involved, the principal location of the insured risk normally is the state whose law applies. Rest.2d § 193. That state has a natural interest in the issues that arise. *Id.* comment c. The significance of the location of the risk is

less here, where risks in several states were insured. *Id.* comment b. None of the insured property, however, was located in Illinois.

Statutes of limitation traditionally were considered procedural in nature and were controlled by the law of the forum state. E. Scoles & P. Hay, *Conflict of Laws* § 3.9 (1982). The Restatement adopts the traditional rule, providing that an action may be maintained if it is not barred by the forum statute of limitation, even if it is barred by the statute of limitation of another state. Rest.2d § 142(2). The only exception is if the right and not just the remedy would be barred by a statute of limitation in the state whose law would otherwise be applied. *Id.* § 143. The exception is almost invariably limited to causes of action created by the statute. *Id.* comment c. It does not apply here.

Under the circumstances, Idaho has the most significant relationship to the statute of limitation issue. Idaho is the forum state. The damage occurred there and it has a particularly strong interest in regulating statutes of limitation. *See* Idaho Code § 29–110 (1980) (voiding contractual deviation from statutory standards). The contacts here were so diverse that choosing any other state's law would have to be a random decision.

Idaho Code § 5–216 (1979) establishes a five-year statute of limitation for contracts, including insurance policies. *See Harding v. Mutual Benefit Health & Accident Association*, 55 Idaho 131, 39 P.2d 306, 307 (1934). Idaho Code § 29–110 prohibits any condition in a contract that would reduce that period.

USFIC has argued that the Idaho legislature endorsed a one-year statute of limitation for insurance policies when it enacted Idaho Code § 41–2401 (1977). That section requires that fire insurers issue policies only on the "New York standard [form] as revised in 1943." *Id.* The form includes a clause specifying a 12-month limitation period for claims. The Idaho Supreme court has held that the 12-month limitation period

specified in the form and in the USFIC policy is void under Idaho law. *Sunshine Mining Co. v. Allendale Mutual Insurance Co.*, 107 Idaho 25, 684 P.2d 1002 (1984).

■ The United States acquired its claims in October 1978, less than three years after the dam collapsed, well within the five-year statutory limitation period. The six-year federal limitations period then became applicable. *See* 28 U.S.C. § 2415(a). When the United States asserted its counterclaim in April 1979, less than three years after the dam collapsed, it was not time-barred.

### C. *Parties' Designation of Applicable Law*

USFIC argues that the parties intended and agreed that Illinois law would apply to the insurance policy. Affidavits of the negotiators confirm that allegation. The policy did not include a designation of applicable law.

■ The United States concedes that under Illinois law the 12-month limitation would be a valid contractual bar to its claim. Because this argument is fairly presented in the record, we should affirm if it would have been appropriate to grant summary judgment on the ground that the parties effectively chose the application of Illinois law. *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984). The law of the forum court (Idaho) controls the determination of whether the parties to a contract have validly chosen the state law applicable. Rest.2d §§ 142 comment c, 187 comment a.

### 1. *Reformation*

■ Mutual mistake of the contracting parties may justify reformation under Idaho law if the instrument does not reflect the parties' intent. *Ed Sparks & Sons v. Joe Campbell Construction Co.*, 96 Idaho 454, 530 P.2d 938, 940 (1974). "[T]he party alleging the mistake has the burden of proving it by clear and satisfactory evidence." *Id.*

### 2. *Effectiveness of Choice of Law*

Idaho has adopted the Restatement position on conflicts questions. *Rungee*, 449 P.2d at 382–83; *Shasta Livestock Auction Yard, Inc. v. Bill Evans Cattle Management Corp.*, 375 F.Supp. 1027, 1031–32 (D.Idaho 1974). We rely on the Restatement as the best predictor of Idaho's treatment of this issue.

■ Under Section 187 of the Restatement, if the court is satisfied that the parties have chosen the law to be applied, the chosen law will be applied if:

> (1) . . . the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

Rest.2d § 187(1). Under Idaho law, the parties could not restrict the statutory limitations period by explicit agreement. Idaho Code § 29–110; *Sunshine Mining*, 684 P.2d at 1005.

■ Even though the issue is one that the parties could not have resolved by explicit agreement, the chosen law will be applied unless either

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

> (b) [the chosen state's law is] contrary to a fundamental policy of a state which has a materially greater interest . . . and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice. . .

Rest.2d § 187(2). The choice of Illinois law violates both standards.

■ Illinois has no substantial relationship to the parties or the transaction. That it was the place of contracting is not enough when there was no other relationship to the transaction. Rest.2d § 187 comment f. There was no other reasonable basis for the choice. No insured property was located there and neither party was principally located there. Other states with a more significant relationship to the transaction could have been chosen to

achieve uniformity of contract interpretation.

It is for the forum to decide whether the otherwise applicable state law expresses a fundamental policy and whether that state has a materially greater interest in the particular issue. *Id.* comment g. We have already concluded that the law of Idaho is the otherwise applicable law.

Idaho has expressed a fundamental policy by requiring strict adherence to its statutory limitations period. *See* Idaho Code § 29–110 (voiding contractual deviation). The minimal nature of the contact with Illinois refutes the argument that its law should be recognized. Rest.2d § 187 comment g. Idaho has a materially greater interest in the statute of limitation as the forum state within which the damaged property was located.

Even if an Idaho court would allow reformation, it would not recognize the parties' choice of Illinois law on the statute of limitation issue.

## II. DEPRECIATION SCHEDULE

USFIC argues that, even. if the United States has acquired Union Pacific's rights, it has nothing because Union Pacific had no reimbursable claim under the policy. USF-IC contends that the parties had agreed to a depreciation schedule that was not included in the policy as the result of mutual mistake. After depreciation is subtracted, it says, the loss was less than the $2.5 million deductible.

In one of the series of decisions below, the district judge found that genuine issues of material fact remained concerning the proper method of depreciation. He cited contradictory evidence concerning the fact of agreement to a particular schedule and expressed doubts concerning the appropriateness of reformation. As summary judgment on the issue would have been inappropriate, it is not an alternative ground for affirming the district court's grant of summary judgment.

CONCLUSION

The grant of summary judgment is vacated. Under Idaho law, the United States timely filed suit on its claim against USF-IC.

VACATED and REMANDED.