192 P.3d 1031.

**FEDERATED PUBLICATIONS, INC., a Delaware corporation, dba The Idaho Statesman, Plaintiff–Respondent,**

v.

**IDAHO BUSINESS REVIEW, INC., an Idaho corporation, Defendant–Appellant.**

No. 34343.

Supreme Court of Idaho,
Boise, June 2008 Term.

Aug. 26, 2008.

Holland & Hart, LLP, Boise, for appellant. B. Newal Squyres argued.

Evans Keane, LLP, Boise, for respondent. David W. Gratton argued.

Givens Pursley, LLP, Boise, amicus curiae.

W. JONES, Justice.

## I. NATURE OF THE CASE

This case involves a request by Federated Publications, Inc. (The Statesman)[1] for a declaration from the Court that Idaho Code Section 60–106 applies to all legal notices, advertisements or publications of any kind required or provided by the laws of the state of Idaho, including both government and private notice, and that such notice must be published in the newspaper having the largest paid circulation within the boundaries of the governmental entity wherein the notice is required to be published.

1. Federated Publications, Inc. operates and publishes The Idaho Statesman.

This case also involves the interpretation of Idaho Code § 60–106, as well as the title of the 1994 bill amending Idaho Code § 60–106. The Idaho Business Review (IBR) contends that the district court erred when it held that its interpretation of the amendment did not violate the subject-in-title requirement of Article III § 16 of Idaho's Constitution.

## II. LEGAL FRAMEWORK

Article III § 16 of Idaho's Constitution states that

> Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title.

The relevant language of Chapter 192 (S.B. No. 1336) of the 1994 Idaho Session Laws amending Idaho Code § 60–106 reads as follows:

### AN ACT

RELATING TO PRINTING OF LEGAL NOTICE; AMENDING SECTION 60–106, IDAHO CODE, TO FURTHER DEFINE A NEWSPAPER OF GENERAL CIRCULATION FOR PURPOSES OF PUBLICATION OF NOTICE BY GOVERNMENTAL ENTITIES AND TO MAKE TECHNICAL CORRECTIONS....

No legal notice, advertisement or publication of any kind required or provided by the laws of the state of Idaho, to be published in a newspaper, shall be published or have any force or effect, as such, unless the same be published in a newspaper *of general interest* published in the *state of Idaho* ...; *provided that, notwithstanding any other provision of Idaho laws, the term "newspaper of (or having) general circulation," wherever used in Idaho Code as a qualification of newspapers required to be used for the publication of notice, shall mean a "newspaper," as defined in this section, that is published within the boundaries of the governmental entity wherein the notice is required to be published and which newspaper has the largest paid circulation among all newspapers published in that governmental entity as verified by the sworn statement of average total paid or requested circulation for the preceding twelve (12) months that was filed on the annual statement of ownership, management and circulation with the U.S. postal service on the date immediately preceding the date of the required publication of notice; excepting that, where no newspaper is published within the governmental entity required to publish a notice, the term "newspaper of (or having) general circulation" shall mean the newspaper with the largest paid circulation published within any county in which the governmental entity is located, or the newspaper published nearest to the boundaries of the governmental entity* ....

The previous version of Idaho Code § 60–106 required notice to be published in a newspaper of general circulation in a particular county, but did not define "general circulation," whereas the amended version required notice to be published in a newspaper of general interest and defined "newspaper of (or having) general circulation" as a newspaper with the largest paid circulation that is published within the boundaries of the governmental entity where the relevant notice must be published. Under the amended version defining "newspaper of (or having) general circulation," if no newspaper is published within the governmental entity required to publish a notice, the term refers to the newspaper with the largest paid circulation published within any county in which the governmental entity is located or the newspaper published closest to the governmental entity's boundaries. The statute does not define "newspaper of general interest."

█ The title of an amendatory act generally will not violate Article III § 16 of Idaho's Constitution if the title "refers by number to the section to be amended, provided the title of the original act is sufficient under

the rule dealing with the original measures,[2] and provided the amendment is germane to the subject of the original act." *Hammond v. Bingham*, 83 Idaho 314, 320, 362 P.2d 1078, 1081 (1961). However, if a title "particularize[s] some, but not all, of the changes," then "the legislation is limited to the matters specified, and anything beyond them is void, however germane it may be to the subject of the original act." *Id.* at 320, 362 P.2d at 1081–82.

■■■ In statutory construction, the first step is to examine the statute's literal language. *Cowan v. Bd. of Comm'rs*, 143 Idaho 501, 511, 148 P.3d 1247, 1258 (2006). The statute's words must be given their plain and ordinary meaning in light of the statute as a whole. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). If the words are clear and unambiguous, the Court must give effect to the statute as written, *Albee v. Judy*, 136 Idaho 226, 31 P.3d 248 (2001), and not consider legislative history. Unless the result is palpably absurd, this Court must assume that the legislature meant what it wrote in the statute. *Poison Creek Publishing, Inc. v. Central Idaho Publishing, Inc.*, 134 Idaho 426, 429, 3 P.3d 1254, 1257 (2000).

### III. STANDARD OF REVIEW

■■■ Constitutional issues are purely questions of law; therefore, this Court exercises free review over such issues. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 260, 954 P.2d 676, 678 (1998). This Court also freely reviews issues of statutory interpretation. *Big Sky Paramedics, LLC v. Sagle Fire Dist.*, 140 Idaho 435, 436, 95 P.3d 53, 54 (2004).

### IV. ANALYSIS

We first will determine the proper interpretation of Idaho Code § 60–106, including whether an ambiguity exists within the statute. Then, we will analyze whether the statute's title is consistent with the mandate of Article III § 16 of the Idaho Constitution. Finally, we will address the issue of attorney's fees.

*Interpretation of Idaho Code § 60–106*

In simple terms, the relevant portion of the statute can be deconstructed as follows:

### Idaho Code § 60–106

No legal notice shall have any effect unless published in a newspaper of general interest published in Idaho

Provided that

"Newspaper of or having general circulation," wherever used in the Idaho Code as a qualification of newspapers used for notice publications

—is a newspaper published within the boundaries of the governmental entity wherein notice is required to be published and

—which newspaper has the largest paid circulation among all newspapers published in that governmental entity

Excepting that

Where no newspaper is published within the governmental entity required to publish notice, "newspaper of (or having) general circulation" shall mean

—the newspaper with the largest paid circulation published within any county in which the governmental entity is located, or

—the newspaper published nearest to the boundaries of the governmental entity.

■■■ The general statement that "no legal notice shall have any effect unless published in a newspaper of general interest published in Idaho" clearly applies both to governmental and non-governmental entities. So, both such entities must publish their notices in Idaho publications of "general interest." The remaining language applies to any no-

---

**2.** This rule states that an original act must include a general statement of the subject of the act such that it has a reasonable tendency to accomplish the purpose of the act. *Idaho Gold Dredging Co. v. Balderston*, 58 Idaho 692, 703, 78 P.2d 105, 110 (1938) ("The object of the title is to give a general statement of the subject matter, and such a general statement will be sufficient to include all provisions of the act having a reasonable connection with the subject mentioned and a reasonable tendency to accomplish the purpose of the act.") (internal quotation omitted).

tice-related statutory provisions that refine this general rule by additionally requiring that the relevant newspaper be a newspaper "of (or having) general circulation." The "provided that" clause does not distinguish between governmental and non-governmental entities required to publish notice. The only use of the term "governmental entity" in that clause involves the geographic sense of the term, not specifically a governmental entity required to publish notice. In other words, it refers to *where* notice must be published—by governmental and non-governmental entities alike—and not *who* is publishing notice. Therefore, the statute applies both to governmental and non-governmental entities.

### Idaho Code § 60–106 and Article III § 16 of Idaho's Constitution

■ Idaho Code § 60–106 violates Article III § 16 of Idaho's Constitution. The title of Idaho Code § 60–106 states that it relates to the definition of a "newspaper of general circulation" for purposes of publication of notice *by* governmental entities. As in *Hammond*, this amendment is particularized, since the title specifically states that the amendment relates to notice by governmental entities. The title therefore is specific rather than general. It makes no mention of notice published by private parties. It is substantive as well, because it affects the notice requirements of private individuals. This substantive change was not indicated in the title. Consequently, the substance of the statute not included within the title is void. The substance of the statute not indicated in the title is the newly-added portion that adds a more specific definition of "newspaper of (or having) general circulation," because that part of the statute applies to non-governmental entities. Therefore, this part of the amendment is unconstitutional and void insofar as it applies to non-governmental entities.

Next, contrary to The Statesman's contention, IBR raised the issue of the constitutionality of § 60–106 below. In its answer, IBR stated in its third defense that "Plaintiff's allegation that Idaho Code § 60–106 restricts the publication of non-governmental entity legal notices ... violates Article III Section 16 of the Idaho Constitution." The Statesman also incorrectly claims that the title may only be interpreted when the statute is ambiguous. While it is true that the statute's ambiguity may permit this Court to consult the title in order to ascertain the legislative intent behind the statute, it is not the case that the title may *only* be consulted for the purpose of resolving an ambiguity within the statute. It also is relevant where the title's conformity to Article III § 16 is called into question.

■ The Statesman also claims that the inquiry into a title's conformity to Article III § 16 is not appropriate long after the legislation has been passed, since the concern of Article III § 16 is preventing fraud in the enactment of laws. *Sunshine Mining Co. v. Allendale Mut. Ins. Co.*, 107 Idaho 25, 684 P.2d 1002 (1984) refutes this logic, however, since that case involved a challenge to a statute that had existed since 1961, *id.* at 27, 684 P.2d at 1004, when the facts giving rise to the case occurred in 1979. *Id.* at 25, 684 P.2d at 1002.

■ The Statesman additionally argues that the only time that such a challenge to a statute can possibly prevail is when it involves a direct constitutional challenge, whereas here the case involves only a request for a declaratory judgment regarding the interpretation of the statute, not the constitutionality of the statute. The Statesman cites no authority for the proposition that a statute's constitutionality cannot be challenged in a request for declaratory judgment seeking the interpretation of a statute. In addition, The Statesman does not cite authority in support of its claim that IBR's constitutional defense should be barred because it is not a request for affirmative relief, but instead acts as a defense to the Statesman's claim. It also cites no authority for the proposition that a title must go "greatly beyond" the subject of the statute, even when the amendatory title particularizes the subject-matter of the statute, and when the body of the statute encompasses matters outside the particularized area.

*Attorney's Fees*

Only The Statesman requested attorney's fees. Because The Statesman is not the prevailing party, it accordingly is not entitled to attorney's fees.

## V. CONCLUSION

For the foregoing reasons, we find Idaho Code § 60–106 constitutional as it applies to governmental entities, but unconstitutional and void in regard to non-governmental entities. Neither party will receive attorney's fees. Costs are awarded to Appellant.

Chief Justice EISMANN, Justices BURDICK, J. JONES and Justice Pro Tem TROUT, concur.