IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36328

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | 2010 Opinion No. 57 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: August 13, 2010 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| JOANNA C. BLAIR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order for restitution, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Joanna C. Blair appeals the district court's order for restitution, following entry of her judgment of conviction for grand theft. Specifically, Blair contends the district court violated Idaho Code Section 19-5304 and her right to due process of law when it denied her motion for a separate restitution hearing at sentencing. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Blair was convicted of one count of grand theft following a jury trial. The charges arose from Blair's alleged issuance of unauthorized checks to herself and others while she was employed at Snake River Glass. At sentencing, the state requested restitution in the amount presented to the jury at trial. Blair objected to the restitution amount and requested a separate restitution hearing to contest the requested restitution amount. The district court determined

1

there was no need for a separate restitution hearing and ordered Blair to pay restitution in the amount of $5,831.43. Blair timely appeals.

## II.

## ANALYSIS

Blair argues the district court violated her right to due process under the Fourth Amendment to the United States Constitution, Article 1, Section 13 of the Idaho State Constitution, and Idaho Code Section 19-5304, when the district court denied her motion for a separate restitution hearing. In essence, Blair argues the court deprived her of an opportunity to present evidence regarding the challenged restitution amount.

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Rossignol*, 147 Idaho 818, 826, 215 P.3d 538, 546 (Ct. App. 2009); *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* Both constitutional questions and questions of statutory interpretation are questions of law over which this Court exercises free review. *Federated Publ'ns, Inc. v. Idaho Bus. Rev., Inc.*, 146 Idaho 207, 210, 192 P.3d 1031, 1034 (2008).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard. *Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983). Due process requires that judicial proceedings be fundamentally fair. *Lassiter v. Dep't of Soc. Serv. of Durham Cty., North Carolina*, 452 U.S. 18, 24-25 (1981). Procedural due process is not a rigid concept but, rather, it "is flexible and calls for such procedural protections as the particular situation demands." *Aeschliman v. State*, 132 Idaho 397, 402, 973 P.2d 749, 754 (Ct. App. 1999).

Idaho Code Section 19-5304(6) provides that restitution orders "shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court." The statutory language clearly gives the court discretion as to when it may order restitution. That statute further provides:

2

Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. *Each party shall have the right to present such evidence as may be relevant to the issue of restitution*, and the court may consider such hearsay as may be contained in the presentence report, victim impact statement or otherwise provided to the court.

(emphasis added). Nowhere does the statute state a separate restitution hearing is required. The statute only provides that each party has the right to present such evidence as may be relevant to the issue of restitution. Therefore, if a defendant is given meaningful notice and opportunity to present evidence that is relevant to the issue of restitution during the trial and/or sentencing hearing, then the purpose of Idaho Code Section 19-5304(6) is satisfied, as is due process. In this case, Blair does not argue the "notice" component of due process. Thus, the only issue is whether Blair received an opportunity to present evidence relevant to the issue of restitution.

Blair chose to present evidence relevant to the issue of restitution at trial, where a jury listened to three days of testimony and ultimately convicted Blair of grand theft. The co-owners of Snake River Glass and Blair's office manager testified and provided evidence that Blair made unauthorized adjustments to her pay, wrote unauthorized checks to herself and others, and took funds she was not entitled to or authorized to take from the business in the amount of $5,831.43. In response to the evidence presented by the state, Blair took the stand to refute all allegations that she took money from the company that she was not owed. Specifically, Blair went through timecards, checks, and paystubs in detail. She testified she never wrote unauthorized checks to herself or others and never took funds she was not entitled to or authorized to take from the company.

At the sentencing hearing Blair was given a meaningful opportunity to present additional evidence relevant to the issue of restitution. As noted above, Idaho Code Section 19-5304(6) authorizes the trial court to order restitution "at the time of sentencing." Therefore, Blair was on notice that if she wished to present restitution evidence in addition to that presented at trial, the sentencing hearing was her opportunity to do so. At sentencing, the state asked for restitution for Snake River Glass in the amount of $5,831.43, which was the amount the state presented evidence of at trial. Therefore, the state's restitution evidence contained no surprise that Blair would have been unprepared to respond to. Immediately following the state's request, Blair's defense counsel acknowledged she had presented evidence relevant to the issue of restitution at trial by stating:

Obviously, Miss Blair testified at her trial. She explained her position. She explained, you know, why she did what she did. She explained why she signed the checks that she signed. She explained on each and every one of the checks, you know, probably a little ad nauseam why each of those checks was written and what each was for and why she felt she was authorized to make out each of them. She explained why she felt that she was authorized to give herself a raise. She explained a conversation which, of course, now her boss didn't remember. Of course, it was a very short conversation. She didn't go to the trouble of getting verification of it from her boss. But, she explained why she felt that she really had been authorized to give herself a raise.

Blair also presented evidence relevant[1] to her inability to pay restitution, including that: (1) she had a relapse of cancer and would have to have both a mastectomy and a hysterectomy; (2) her twenty-year-old daughter was also suffering from cancer; (3) her personal belongings listing value of $20,000 was too high; (4) this was Blair's first felony and she was forty-eight years old; (5) she was still unemployed and had applied for at least two hundred jobs; (6) she had acquired only an eighth grade education and lacked training in bookkeeping; and (7) she had not been compensated for the many hours actually worked. Important to note is that, when Blair objected to the state's restitution amount and requested a separate hearing to determine restitution, she did not identify what evidence, in addition to the evidence she presented at trial and sentencing, she still wished to present.

Blair argues the motivation and goals of presenting evidence at trial were not the same as her goals would be in presenting evidence in a separate restitution hearing. Blair asserts her goal at trial was to show her innocence of the crime, not to prove the appropriate restitution amount. However at trial, Blair's defense was that she did not steal any money and that any money she took was additional compensation which was owed to her. Her defense was detailed in its direct refutation of the state's evidence including the evidence of exactly how much money was stolen. Irrespective of her motivation or goals, by presenting evidence in support of her defense theory, Blair inherently presented evidence that was relevant to the issue of restitution. We do not

---

[1]     Idaho Code Section 19-5304(7) states:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

4

suggest that a defendant's evidence on restitution may be limited to whatever is presented at trial, but in this case Blair had a full opportunity to present any additional evidence at the sentencing hearing. Neither in the proceedings below nor on appeal has she provided any reason why the sentencing hearing was insufficient for this purpose.

## III.

## CONCLUSION

We conclude that the district court did not err when it denied Blair's motion for a separate restitution hearing. Neither Blair's constitutional due process rights nor Idaho Code Section 19-5304 were violated as Blair was fully afforded the opportunity and did present evidence relevant to the issue of restitution at sentencing, and Blair has not identified why the sentencing hearing was an insufficient opportunity or why a separate restitution hearing was needed. Therefore, the district court's order of restitution is affirmed.

Chief Judge LANSING and Judge GRATTON, CONCUR.