**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43958**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 335** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  January 26, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DETRICK CURTIS CONERLY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction for two counts of misappropriation of personal identifying information, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Detrick Curtis Conerly appeals from his judgment of conviction for two counts of misappropriation of personal identifying information.  Conerly specifically argues the district court violated Conerly's procedural due process rights when the court refused to hear Conerly's oral motion to dismiss for lack of subject matter jurisdiction.  Conerly requests that this Court vacate the conviction and remand with instructions for the district court to address Conerly's motion to dismiss.  For the reasons explained below, we affirm Conerly's convictions.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Conerly pled guilty to two counts of misappropriation of personal identifying information.  During a hearing on a motion to withdraw his guilty plea, Conerly asked the district

1

court to hear an oral motion to dismiss for lack of subject matter jurisdiction. Conerly's counsel noted he did not "understand [Conerly's] argument. I told him that if he wanted to pursue that motion, he'd have to ask leave of the court and ask to proceed pro se." The district court indicated, "I'm not going to hear it. I told you two months ago when we set this up, that we would hear the motion to withdraw. I've heard the motion to withdraw. . . . Somebody wants to file a motion later with briefs or whatnot, I suppose they're free to do so." The district court further explained the case had been "dragging around for six or seven or eight months. We've been ready for sentencing for more than two months." The district court then denied Conerly's motion to withdraw his guilty plea.

Conerly was still represented by counsel at the sentencing hearing. During Conerly's allocution, he expressed concern about the district court's jurisdiction: "I find it very wrong that jurisdiction was not allowed to be challenged in this courtroom." Conerly filed a motion to appeal his judgment of conviction in February 2016.

At the restitution hearing in April 2016, Conerly again raised an oral motion to dismiss for lack of subject matter jurisdiction. The district court denied the motion to dismiss, noting that Conerly already filed his appeal, and Idaho Appellate Rule 13 precluded it from resolving a jurisdictional challenge while the appeal was pending. On appeal, Conerly argues the district court violated Conerly's procedural due process rights when the court refused to hear Conerly's motion for lack of subject matter jurisdiction.

## II.

## ANALYSIS

Conerly contends the district court's refusal to address the motion to dismiss for lack of subject matter jurisdiction violates Conerly's procedural due process rights. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* It is the defendant's burden to demonstrate facts that constitute a due process violation. *See State v. Jacobson*, 150 Idaho 131, 134, 244 P.3d 630, 633 (Ct. App. 2010). Procedural due process is not a rigid concept but, rather, it "is flexible and calls for such procedural protections as the particular situation demands." *State v. Blair*, 149 Idaho 720, 722,

239 P.3d 825, 827 (Ct. App. 2010) (quoting *Aeschliman v. State*, 132 Idaho 397, 402, 973 P.2d 749, 754 (Ct. App. 1999)).

It is fundamental to our legal system that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard. *Blair*, 149 Idaho at 722, 239 P.3d at 827.

Before he appealed, Conerly requested that the district court hear an oral motion to dismiss for lack of subject matter jurisdiction. In response, the district court suggested Conerly properly file a written motion and brief. Conerly elected to not file a written motion and brief as recommended by the district court. Idaho Criminal Rules 12(d) and 47 specifically require motions to be submitted in writing. Therefore, the district court did not err in requiring Conerly to properly file his motion to dismiss.

After Conerly appealed and during the restitution hearing, he again raised the issue of subject matter jurisdiction through an oral motion to dismiss. The district court denied the motion because Conerly's appeal was pending. Idaho Appellate Rule 13(c) precludes a district court from addressing and ruling upon a motion to dismiss while an appeal is pending. The district court proceedings are stayed during the pendency of an appeal, subject to limited exceptions under Rule 13(c). A motion to dismiss for lack of subject matter jurisdiction does not fall within the list of limited exceptions. Accordingly, the district court did not err in denying Conerly's motion to dismiss. Thus, the district court did not violate Conerly's procedural due process rights.

Moreover, even if the district court denied Conerly's right to procedural due process, such error is not reversible. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Jurisdictional challenges may be raised at any time, including for the first time on appeal. *See State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). But Conerly does not raise a jurisdictional challenge on appeal. Accordingly, even if the district

3

court erred, the error is harmless.  In sum, Conerly has failed to show error, much less reversible error.

## III.

## CONCLUSION

The district court did not violate Conerly's procedural due process rights by requiring Conerly to file his motion in accordance with the Idaho Criminal Rules and by denying Conerly's motion during the pendency of his appeal.  Moreover, even if the district court erred, the error was harmless because Conerly did not raise a jurisdictional challenge on appeal.  We therefore affirm Conerly's judgment of conviction for two counts of misappropriation of personal identifying information.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.