# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49060

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 2, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| VINCENT M. SLANINKA, JR., | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction for trafficking in heroin, possession of a controlled substance, and possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Vincent M. Slaninka, Jr. appeals from his judgment of conviction for trafficking in heroin, possession of a controlled substance, and possession of drug paraphernalia. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After receiving information from a confidential informant that Slaninka was transporting controlled substances to a known drug dealer, an officer obtained a search warrant (the GPS warrant) to place a GPS tracking device on a vehicle driven by Slaninka. Using information gathered from monitoring the vehicle, the same officer obtained a warrant to search the vehicle and Slaninka's person (the search warrant). The next day, officers executed the search warrant and arrested Slaninka. The searches of the vehicle and Slaninka's person yielded over 28 grams

of heroin, methamphetamine, a syringe, baggies, a spoon, and a pipe. The State charged Slaninka with trafficking in heroin, I.C. § 37-2732B(a)(6)(C); possession of a controlled substance (methamphetamine), I.C. § 37-2732(c); and possession of drug paraphernalia, I.C. § 37-2734A.

Slaninka filed a motion to suppress, contending the officers failed to provide Slaninka with a copy of the search warrant and a property receipt as required by I.C.R. 41(e)(2). While his first motion was pending, Slaninka filed a second motion to suppress, this time asserting that the officer's affidavits in support of the GPS warrant and search warrant contained material misstatements and omitted material exculpatory information. As part of his second motion to suppress, Slaninka requested an evidentiary hearing to challenge the veracity of evidence contained in both affidavits. The district court held separate hearings for each motion and denied them both.

On the morning of trial, Slaninka moved to continue the trial to allow him to file a third motion to suppress.[1] According to Slaninka, his third motion to suppress would assert that there was not probable cause to issue the GPS warrant. As part of his motion to continue, Slaninka asked the district court to "set a briefing schedule" for his proposed third motion to suppress. The district court denied Slaninka's motion to continue the trial. Ultimately, a jury found Slaninka guilty of the charged offenses. Slaninka appeals.

## II.

## STANDARD OF REVIEW

The decision to deny or grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). A decision regarding a motion to extend the time to file a motion to suppress is also within the trial court's discretion. *State v. Alanis*, 109 Idaho 884, 888, 712 P.2d 585, 589 (1985). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable

---

[1] According to the district court, Slaninka sent an email the weekend before trial "suggesting that this motion was going to be made." This email is not in the appellate record.

to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Slaninka asserts the district court violated his procedural "due process right to be heard on his suppression issue" and that the district court erred in denying his motion to continue to allow him to file a third motion to suppress. The State responds that Slaninka has failed to show a procedural due process violation or error in the district court's denial of his motion to continue. We hold that Slaninka has failed to show either a due process violation or an abuse of discretion in the denial of his motion to suppress.

### A.     Procedural Due Process as Fundamental Error

Slaninka asserts the "district court deprived [him] of due process because he was not given the opportunity to be heard in a meaningful manner" on his proposed third motion to suppress. Slaninka acknowledges that he did not assert a procedural due process violation to the district court, but asserts that the district court's actions amounted to fundamental error. The State responds that the district court did not violate Slaninka's procedural due process rights and that he has failed to establish fundamental error.

As Slaninka acknowledges, he did not assert a procedural due process violation to the district court. Where a procedural due process violation was not raised to the trial court, this Court may only reverse when the asserted procedural due process violation constitutes fundamental error. *See State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in relation to the challenged action or inaction. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

In addressing the first prong of the analysis, we determine whether the district court's actions denied one of Slaninka's unwaived constitutional rights. Slaninka asserts a "violation of

his rights under the Due Process Clauses of the Idaho Constitution and the Fifth and Fourteenth Amendments to the United States Constitution." More specifically, Slaninka argues that, "where there exists a procedure for holding suppression hearings, he was entitled to the concomitant due process protections in that procedure," which he contends he did not receive because he was "not given the opportunity to be heard in a meaningful manner" on his request to suppress evidence based on an alleged lack of probable cause for the search warrant. The right to procedural due process requires that, when a constitutionally protected interest is at stake, a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard and that judicial proceedings be fundamentally fair. *State v. Blair*, 149 Idaho 720, 722, 239 P.3d 825, 827 (Ct. App. 2010). Procedural due process is not a rigid concept but, rather, it is flexible and calls for such procedural protections as the particular situation demands. *Id.*

A state's criminal procedural rule can satisfy the requirements of due process. *See Patterson v. New York*, 432 U.S. 197, 201-02 (1977). Generally, a state's criminal procedural rule is "not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id.* (quoting *Speiser v. Randall*, 357 U.S. 513, 523 (1958)). "Substantial deference" is given to the "legislative judgment" underlying a state's criminal procedural rule "because the States have considerable expertise in matters of criminal procedure and the criminal process is grounded in centuries of common-law tradition." *Medina v. California*, 505 U.S. 437, 445-46 (1992). Idaho Criminal Rule 12(d) requires a motion to suppress to be filed within twenty-eight days after the entry of a not guilty plea or seven days before trial, whichever is earlier. A trial court may shorten or enlarge the time to file a motion and, for good cause shown or for excusable neglect, may relieve a party of failure to comply with the time requirements of the rule. I.C.R. 12(d).

On appeal, Slaninka does not assert that the process provided by I.C.R. 12(d) fails to provide due process under the test articulated in *Patterson*. Consequently, if Slaninka was afforded the process outlined in I.C.R. 12(d), then he has failed to show a violation of his due process rights.

Slaninka entered a not guilty plea on February 9, 2021, and his trial commenced July 13, 2021. Applying the default deadline, this meant Slaninka had until March 9, 2021, to file a motion to suppress. *See* I.C.R. 12(d). The district court's scheduling order, however, extended the deadline. The scheduling order required all motions to suppress to be filed "no later than fourteen

4

(14) days after the compliance date set for discovery," absent good cause to extend the deadline. (Bolding and underlining omitted). The discovery compliance date was initially April 12, 2021, but, after the State filed a motion to extend, the district court reset the compliance date for discovery to April 30, 2021. This meant Slaninka had until May 14, 2021, to file a motion to suppress, which was over two months beyond the default deadline provided by I.C.R. 12(d). Thus, the district court gave Slaninka an opportunity to file a motion to suppress that was over three times the default period.

Slaninka did not, however, file any of his motions to suppress within the May 14, 2021, deadline. Slaninka filed his first motion to suppress on May 17, 2021, and his second motion to suppress on June 24, 2021. The State did not object to these motions as untimely and the district court ruled on the merits of both motions. By not enforcing the scheduling order's deadline, the district court effectively gave Slaninka additional opportunities to file a motion to suppress. Because the default period in I.C.R. 12(d) is given "substantial deference" as it concerns due process (a deference Slaninka does not challenge on appeal), these additional windows of time afforded Slaninka more opportunity than required as a matter of due process.

On the morning of trial, Slaninka's counsel represented that he and Slaninka had previously "discussed the possibility of a potentially--just a general challenge to the probable cause" but that counsel "was not able to put that together in the timeframe" because he was pursuing other aspects of the case. Defense counsel did not explain why he did not move to extend the time to file an additional motion to suppress, which was a procedural avenue available under I.C.R. 12(d). In short, the record shows that Slaninka was afforded ample opportunity to file a timely motion to suppress or, in the alternative, to move to extend the time to file but failed to take advantage of these opportunities.

Regarding his third motion to suppress, Slaninka asserts on appeal that he raised a general lack of probable cause in his brief in support of his second motion to suppress but the district court failed to rule on that issue because the district court did not agree that Slaninka's second motion to suppress had done so. Slaninka asserts that the district court's "refusal to hear his motion to suppress" violated his right to due process. In other words, Slaninka contends that the district court's assessment that Slaninka's second motion to suppress did not challenge the sufficiency of probable cause for the search warrant was a due process violation. This argument lacks merit. As

noted, I.C.R. 12(d) afforded the due process required to be heard on a motion to suppress and Slaninka failed to comply with the requirements of that rule from the outset. That he later disagreed with the district court on whether his second motion encompassed his general inadequate probable cause claim does not equate to a due process violation.

Moreover, the record supports the district court's assessment that Slaninka's second motion to suppress did not include a general challenge to the probable cause provided in support of the search warrant. In applying for the search warrant, the officer averred that, "due to the numerous stops and quick stay-time" in a certain area, "it is plausible Slaninka drove to the area to make a quick drug-run/heroin pick-up." In his second motion to suppress, Slaninka argued that the officer's averment "that it is plausible that [Slaninka] was doing drug runs is conjecture and falls short of probable cause." Although Slaninka used the words "probable cause" in his second motion, his argument must be viewed in the larger context of his second motion, which requested an evidentiary hearing to challenge the veracity of evidence contained in the affidavits pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). A defendant is entitled to an evidentiary hearing under *Franks* to challenge the veracity of evidence used by officers to obtain a search warrant if the defendant makes a substantial preliminary showing that the evidence included an intentionally false statement or a statement made with reckless disregard for the truth. *Id.* at 155-56. The right to a *Franks* hearing also extends to deliberate or reckless omissions of material exculpatory information. *State v. Guzman*, 122 Idaho 981, 983-84, 842 P.2d 660, 662-63 (1992). If the defendant successfully shows inclusion of a false statement or omission of exculpatory information, the trial court must then examine whether the remaining information in the affidavit is sufficient to establish probable cause absent the false statement or with the addition of the exculpatory information. *See Franks*, 438 U.S. at 156; *Guzman*, 122 Idaho at 983-84, 842 P.2d at 662-63. The second step of a *Franks* analysis (reviewing the sufficiency of probable cause after removing or adding information to an affidavit) is distinct from addressing a general challenge to probable cause. *See Guzman*, 122 Idaho at 984, 842 P.2d at 663 (holding that trial court correctly concluded that there was no probable cause under the "totality of the circumstances" after rejecting a *Franks* challenge).

In his brief to the district court, Slaninka asserted the officer included false statements[2] and omitted exculpatory information and argued that, "absent either [the] misstatements or the omissions, there is a substantial probability that the warrants would not have been issued." Viewed in this context, Slaninka's argument (that one averment by the officer "falls short of probable cause") focused on the second part of a *Franks* analysis, which is whether the remaining information suffices to show probable cause. It is also notable that Slaninka's argument asserted that a *single* averment by the officer did not provide probable cause, not that *all* the information (including the allegedly false statements) was insufficient to establish probable cause. Consequently, as concluded by the district court, Slaninka did not assert a general attack on probable cause in his brief in support of his second motion to suppress.

Next, Slaninka asserts he raised a general attack on probable cause at the hearing on the second motion to suppress and that the district court violated his due process rights by not addressing the issue. At the hearing, Slaninka argued that the information from the confidential informant was largely uncorroborated. Upon hearing Slaninka's argument, the district court remarked, "Well, you haven't raised the issue of insufficiency of probable cause prior to just now." As discussed above, the district court's observation was correct. Ultimately, the district court did not address Slaninka's general attack on probable cause. Again, a general attack on the sufficiency of probable cause is distinct from a *Franks* challenge. In essence, Slaninka's new argument constituted an additional motion to suppress. Because this hearing occurred on July 6, 2021, Slaninka's new motion to suppress was untimely. The district court's comment that Slaninka had not raised the issue until "just now" indicates that the district court (to the extent its inaction can be construed as one of the district court's "decisions," as Slaninka characterizes it) implicitly denied the new motion to suppress because it was untimely. This was consistent with the district court's subsequent denial of Slaninka's motion to continue raised on the morning of trial, in which the district court found that his proposed third motion to suppress would be untimely. Denying a motion to suppress because it is untimely is permitted by I.C.R. 12(d), and Slaninka does not argue on appeal that the procedure provided in I.C.R. 12(d) violates due process.

---

[2] At the hearing on the second motion to suppress, Slaninka withdrew his allegation that the officer included false statements.

7

Slaninka has failed to show that the district court violated his right to due process. Because Slaninka has failed to show a violation of an unwaived constitutional right, we do not address the parties' arguments on the remaining prongs of fundamental error.

## B.     Motion to Continue

Slaninka asserts the "district court erred in denying his motion for a continuance and/or his motion to enlarge the time to file a motion to suppress" because, according to him, he showed good cause. Slaninka asserts that the district court failed to exercise reason and did not act consistently with the applicable legal standards. We hold that Slaninka has failed to show error.

The purpose of Slaninka's motion to continue was to allow him to file a third motion to suppress. As part of his motion, he asked the district court to set a "briefing schedule." Because his proposed third motion to suppress would have been untimely, Slaninka's request for a briefing schedule was an implicit motion to extend the time to file a motion to suppress. A trial court may excuse a defendant's failure to comply with the deadline to file a motion to suppress if the defendant shows good cause or excusable neglect. I.C.R. 12(d). The burden of showing good cause or excusable neglect rests with the defendant. *See State v. Gleason*, 130 Idaho 586, 591, 944 P.2d 721, 726 (Ct. App. 1997).

Slaninka asserts there was good cause because allowing him to be heard on his proposed third motion to suppress would "avoid[] the unnecessary costs of post-conviction litigation." A trial court considering a motion to extend a filing deadline may consider the effect that its decision would have on the efficient operation of the judicial system. *State v. Irving*, 118 Idaho 673, 675, 799 P.2d 471, 473 (Ct. App. 1990). Nevertheless, the district court was not obligated to weigh judicial economy considerations above all else. If the interest of judicial economy to avoid post-conviction actions required that extensions of time be granted under I.C.R. 12(d), the exception to the deadline for pretrial motions would swallow the rule and defendants would lack incentive to comply with the time limits of I.C.R. 12(d). Although a trial court can rely on considerations of judicial economy in granting an extension, it is not required to do so. Consequently, Slaninka has failed to show error in this regard.

Slaninka also asserts "there was no prejudice to the State" and that this supported good cause. Slaninka, however, provides no authority that a lack of prejudice is relevant to a good cause analysis under I.C.R. 12(d). A party forfeits an issue on appeal if either authority or argument is

lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Due to Slaninka's lack of authority, we will not address this argument.

This leaves Slaninka's assertions that the district court's "decision effectively punished [him] for his counsel's late motion" and that the district court acted "inconsistently with the applicable legal standards in failing to recognize the failure to timely file a suppression motion was not due to any circumstances within [Slaninka's] control." Again, Slaninka presents no authority that good cause is shown when the failure to timely file is due to counsel's actions rather than Slaninka's and, thus, we need not consider this argument. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970. In any event, the record shows that the district court considered the difficulties that Slaninka's counsel encountered. On the morning of trial, Slaninka's counsel represented that he "was not able to put [the proposed third motion to suppress] together in the [required] timeframe" because counsel was pursuing other aspects of the case. The district court "recognize[d] that counsel was working diligently on other legal matters involved" in the case. Despite this, the district court denied the motion to continue because Slaninka had not shown there was "new information recently available to [him] that would lead to" the proposed third motion to suppress and the "original contents of the search warrant and affidavit" had been "available to [him] for some time now." This shows the district court exercised reason and acted consistently with the applicable legal standards. Slaninka has failed to show the district court abused its discretion in denying his motion to continue to permit a third motion to suppress.

## IV.
## CONCLUSION

Slaninka has failed to show the district court violated his procedural due process right or abused its discretion in denying his motion to continue. Consequently, Slaninka's judgment of conviction for trafficking in heroin, possession of a controlled substance, and possession of drug paraphernalia is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.