IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 52325

| | |
|---|---|
| VINCENT M. SLANINKA, JR., | ) |
| | ) Filed: January 5, 2026 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Annie O. McDevitt, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Vincent M. Slaninka, Jr. appeals from a judgment dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Slaninka guilty of trafficking in heroin (I.C. § 37-2732B(a)(6)(C)), possession of a controlled substance (I.C. § 37-2732(c)), and possession of drug paraphernalia (I.C. § 37-2734A). Slaninka appealed his judgment of conviction to this Court, which affirmed. *See State v. Slaninka*, 172 Idaho 22, 528 P.3d 552 (Ct. App. 2023). Slaninka filed a pro se petition for post-conviction relief. Slaninka was appointed counsel and subsequently filed an amended petition, alleging ineffective assistance of trial counsel for failing to obtain testimony from a confidential informant that could have been used to secure an evidentiary hearing and succeed on

1

what would have been his third motion to suppress. After the State filed a motion for summary dismissal, a hearing was held, and the district court summarily dismissed the amended petition. Slaninka appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## III.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068 (2009); *State v. Bearshield*, 104 Idaho

676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify

3

relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

Slaninka argues the district court erred in summarily dismissing his petition for post-conviction relief and finding that he had failed to demonstrate a prima facie showing of ineffective assistance of trial counsel. The State responds that Slaninka's argument that his trial counsel was ineffective is "conclusory and insufficient" under either prong of the two-part standard set forth in *Strickland*, 466 U.S. 668. The State asserts, therefore, that the district court did not err in summarily dismissing Slaninka's petition for post-conviction relief. We agree.

After receiving information from a confidential informant that Slaninka was transporting controlled substances to a known drug dealer, an officer obtained a search warrant (the GPS warrant) to place a GPS tracking device on a vehicle driven by Slaninka. Using information gathered from monitoring the vehicle, the same officer obtained a warrant to search the vehicle and Slaninka's person (the search warrant). The next day, officers executed the search warrant and, as they approached Slaninka's vehicle, saw heroin in plain view through the window. The officers arrested Slaninka.

Slaninka filed a motion to suppress, contending the officers failed to provide him with a copy of the search warrant and a property receipt as required by I.C.R. 41(e)(2). While his first motion was pending, Slaninka filed a second motion to suppress, this time asserting that the officer's affidavits in support of the GPS warrant and search warrant contained material misstatements and omitted material exculpatory information. As part of his second motion to

4

suppress, Slaninka requested an evidentiary hearing to challenge the veracity of evidence contained in both affidavits. The trial court held separate hearings for each motion and denied them both. During the hearing on the second motion to suppress, Slaninka withdrew his allegation that the officer included false statements.

On the morning of trial, Slaninka moved to continue the trial to allow him to file a third motion to suppress. According to Slaninka, his third motion to suppress would assert that there was not probable cause to issue the GPS warrant. As part of his motion to continue, Slaninka asked the trial court to "set a briefing schedule" for his proposed third motion to suppress. The trial court denied Slaninka's motion to continue the trial and held that the third motion to suppress was untimely. The jury found Slaninka guilty of the charged offenses.

## A. Substantive Claims

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Slaninka claims that his post-conviction application raised a genuine issue of material fact regarding whether he received ineffective assistance of trial counsel where his attorney failed to subpoena the confidential informant, as means to support his two different motions before the trial court. Slaninka obtained an affidavit from the confidential informant to support Slaninka's post-conviction claim of ineffective assistance of trial counsel, which states, in relevant part:

> 4. I was heavily intoxicated at the time of that conversation [with law enforcement] and do not recall what law enforcement asked me, what my responses were, and I cannot evaluate the veracity of those responses.
> . . . .
> 6. Later, while incarcerated in an Idaho Department of Corrections facility, [Slaninka's] criminal defense lawyer at trial visited me to discuss the situation. He did not procure an affidavit from me at that time, and did not bring an investigator or other person with him who could have testified about our conversation.

5

Slaninka argues that, had the confidential informant testified to the above information, the outcome of his trial would have been different. We disagree.

### 1. Search warrants

Slaninka asserts ineffective assistance for his trial counsel's failure to obtain testimony from the confidential informant to adequately challenge the veracity of evidence used by officers to obtain the search warrants. A defendant is entitled to an evidentiary hearing to challenge the veracity of evidence used by officers to obtain a search warrant if the defendant makes a substantial preliminary showing that the evidence included an intentionally false statement or a statement made with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). The right to a *Franks* hearing also extends to deliberate or reckless omissions of material exculpatory information. *State v. Guzman*, 122 Idaho 981, 983-84, 842 P.2d 660, 662-63 (1992). If the defendant successfully shows inclusion of a false statement or omission of exculpatory information, the trial court must then examine whether the remaining information in the affidavit is sufficient to establish probable cause absent the false statement or with the addition of the exculpatory information. *See Franks*, 438 U.S. at 156; *Guzman*, 122 Idaho at 983-84, 842 P.2d at 662-63. The second step of a *Franks* analysis (reviewing the sufficiency of probable cause after removing or adding information to an affidavit) is distinct from addressing a general challenge to probable cause. *See Guzman*, 122 Idaho at 984, 842 P.2d at 663 (holding that trial court correctly concluded that there was no probable cause under the "totality of the circumstances" after rejecting a *Franks* challenge). After reviewing the confidential informant's affidavit, the district court concluded:

> So, there is nothing in that affidavit that impacts--that makes I guess any prejudice . . . that would impact the . . . ultimate merits of the *Franks* hearing. There is nothing in this affidavit to suggest or change the meter on the standard of a *Franks* hearing, which, again, requires that a defendant show that the affiant to apply for the search warrant made an intentional or reckless false statement or omission that was otherwise essential to the finding of probable cause.

The district court summarily dismissed Slaninka's post-conviction application because it did not contain information as to why the confidential informant's affidavit would have been helpful or what the confidential informant would have testified to that would have changed the trial court's decision regarding the *Franks* hearing. Slaninka further argued that the confidential informant could have testified that the officers were aware of the confidential informant's

6

outstanding arrest warrant. The district court responded that, "even if [the trial court] considered that the source of information would testify that he had a warrant" and that the officer "knew he had a warrant, [his] action of omission would have been negligent and not reckless or intentional," as required to justify a *Franks* hearing.

We are unconvinced by Slaninka's claim that the outcome of his request for a *Franks* hearing would have been different had the confidential informant testified. Thus, Slaninka has failed to show that he would have been successful on the motion for a *Franks* hearing but for any alleged ineffective assistance of his trial counsel. Because we conclude Slaninka would not prevail on the merits, he has failed to show his attorney performed deficiently by failing to subpoena the source of information.

### 2. Third motion to suppress

Slaninka also argues that his trial counsel was ineffective for failing to "timely file a motion to suppress challenging the probable cause for the search warrant." Slaninka contends that, had the confidential informant's testimony been presented to the trial court, the warrant would have been suppressed. The district court concluded that there was nothing "in the record to support a conclusion that the trial court would have or should have granted a third motion to suppress based upon the allegation of insufficient probable cause." Regarding Slaninka's argument regarding the denial of his request for a *Franks* hearing, he has failed to show that the third motion to suppress would have been granted even if it had been made timely to the trial court.

It is worth noting that this Court has previously considered a nearly identical argument from Slaninka during the appeal of his original criminal case. *Slaninka*, 172 Idaho at 28-29, 528 P.3d at 558-59. The scope of post-conviction relief is limited. *Knutsen*, 144 Idaho at 438, 163 P.3d at 227. A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). This Court previously explained:

> On the morning of trial, Slaninka's counsel represented that he "was not able to put [the proposed third motion to suppress] together in the [required] timeframe" because counsel was pursuing other aspects of the case. The district court "recognize[d] that counsel was working diligently on other legal matters involved" in the case. Despite this, the district court denied the motion to continue because Slaninka had not shown there was "new information recently available to [him] that

7

would lead to" the proposed third motion to suppress and the "original contents of the search warrant and affidavit" had been "available to [him] for some time now." This shows the district court exercised reason and acted consistently with the applicable legal standards. Slaninka has failed to show the district court abused its discretion in denying his motion to continue to permit a third motion to suppress.

*Slaninka*, 172 Idaho at 29, 528 P.3d at 559.

While this Court recognizes that Slaninka now presents the affidavit from the confidential informant as new information to support his claims on post-conviction, this argument is remarkably similar. The affidavit presented in post-conviction presents no new information that persuades this Court that the outcome would have been different had the confidential informant testified to the statements in the affidavit.

## B. Ineffective Assistance of Counsel

Slaninka argues that the confidential informant's affidavit should have prevented the trial court's denial of his motions. However, even if Slaninka could show that trial counsel's performance was deficient, he is unable to meet the prejudice prong of the *Strickland* standard. The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008).

First, law enforcement obtained the GPS warrant after the confidential informant reported specific details, including the vehicle being driven and the locations used for trafficking heroin. Slaninka has provided no legal support for his argument that the confidential informant's testimony to officers was tainted by his intoxication or his outstanding warrant. Slaninka has failed to show how the information provided in the confidential informant's affidavit undermines the probable cause supporting the issuance of either warrant.

Next, the evidence of trafficking in heroin that Slaninka sought to suppress through these motions was ultimately *not* discovered as a result of the search warrant. This evidence was discovered as officers approached Slaninka's vehicle. Officers obtained the search warrant after the results of the GPS warrant substantiated the report from the confidential informant, but ultimately the evidence was discovered in plain view. Officers approaching Slaninka's vehicle to execute the search warrant saw the heroin through the windows.

8

Slaninka has failed to show that, but for his attorney's performance, the outcome of his motions would have been different. Consequently, Slaninka has failed to show he was prejudiced by the lack of testimony from the confidential informant, and he has failed to show that he received ineffective assistance of trial counsel.

## IV.

## CONCLUSION

Slaninka has failed to show the district court erred in summarily dismissing his petition for post-conviction relief. Accordingly, the district court's judgment dismissing Slaninka's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.